IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO.: 8:12-cv-00643-EAK-MAP

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| OFFICEMAX NORTH AMERICA, INC. | ) ) |
| Defendant. | ) ) ) ) / |

## CONSENT DECREE

### INTRODUCTION

1. The Equal Employment Opportunity Commission ("EEOC" or the "Commission") and OfficeMax North America, Inc. ("OfficeMax"), collectively referred to as the "Parties," have made and entered into this Consent Decree ("Decree") before this Court.

2. The Commission filed this action against OfficeMax in the United States District Court for the Middle District of Florida, on March 27, 2012 under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, ("Title VII") to correct alleged unlawful employment practices on the basis of retaliation, and to provide relief to Charging Party Hector Cordero ("Charging Party").

3. EEOC alleges that Charging Party made a complaint to OfficeMax's Human Resources department regarding the discriminatory treatment he was subjected to by Store Manager Gerry Fish. Charging Party further alleges that he was then subjected to harassment in

1

retaliation for his complaint. OfficeMax denies the allegations but, in an effort to resolve this dispute, agrees to the entry of this Consent Decree.

### EFFECTIVE DATE

4. The Effective Date of this Decree is the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion, and hearing if required.

### DURATION OF DECREE

5. This Decree shall remain in effect for four (4) years after the effective date as defined in paragraph 4. In the event the terms and obligations outlined in this Decree are not complied with during the duration of the decree, the Parties shall meet and confer concerning all matters that are alleged to constitute noncompliance as detailed in paragraph 42, below.

### GENERAL PROVISIONS

6. This Decree fully and finally resolves the claim asserted by the Commission in the Complaint filed in this action styled *EEOC v. OfficeMax North America, Inc.*, Case No. 8:12-cv-643-EAK (M.D. Fla.) which arose from EEOC Charge of Discrimination No. 511-2010-00638. The Parties acknowledge that this Decree does not resolve any Charges of Discrimination that may be pending now with the Commission or which may be filed in the future against OfficeMax, other than the Charge referred to in this paragraph.

7. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendment to this Decree, if any, is appropriate to effectuate the purposes of the unlawful or unenforceable portion of this Decree. In any event, the unaffected provisions will remain enforceable.

8. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.  This Court has jurisdiction over the subject matter of this action and the Parties;

    b.  No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

    c.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of Charging Party and the public interest are adequately protected by this Decree; and

    d.  The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of OfficeMax.

NOW, THEREFORE IT IS ORDERED AND ADJUDGED AND DECREED THAT:

**INJUNCTION**

9. OfficeMax and their respective officers, managers, employees, agents, partners, successors, and assigns shall take affirmative measures to protect its employees from unlawful retaliation, including, but not limited to, carefully monitoring relations between management and staff when complaints of discrimination and/or retaliation have been made, and warning personnel (supervisors, managers and employees) having any connection to an investigation of a complaint of discrimination and/or retaliation, whether those complaints are determined to be founded or unfounded, that acts of retaliation are unlawful and will not be tolerated by OfficeMax, and any such specific, additional measures to ensure that former employee, Hector Cordero, or any current or former employee, is not subjected to adverse employment action because such person has

opposed any practice made unlawful under Title VII, filed a Charge of Discrimination, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserts any rights under this Decree.

## MONETARY RELIEF

10. In settlement of this lawsuit, Office Max shall pay a lump sum in the amount of eighty-five thousand dollars, **$85,000.00.** This sum shall be the full and final amount OfficeMax shall pay to settle claims brought by the Commission in this lawsuit under EEOC Charge of Discrimination No. 511-2010-00638.

11. Within fifteen (15) days from the Effective Date, OfficeMax will deliver payment in the form of a check payable to Hector Cordero, which shall constitute payment for compensatory and punitive damages. The check shall be delivered via certified mail to: Hector Cordero, 502 Lime Avenue, Sarasota, FL 34327.

12. OfficeMax will issue an I.R.S. Form 1099 to Cordero for the above listed amount at the address listed above.

13. If OfficeMax fails to tender payment described in paragraphs 10 and 11, above, then OfficeMax shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of OfficeMax.

14. Copies of all payments made pursuant to paragraphs 10 and 11, and the I.R.S. Form 1099 referred to in paragraph 12, shall be forwarded to the attention of Robert E. Weisberg, Regional Attorney, c/o OfficeMax Consent Decree, U.S. Equal Employment Opportunity Commission, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida, 33131.

## RECRUITMENT

15. Within thirty (30) days of execution of this Decree, OfficeMax shall initiate efforts to increase the number of Hispanic and African-American applicants, for all its job vacancies in the Bradenton / Sarasota Florida area (three locations) during the duration of this Decree by advertising whenever vacancies occur in media outlets to be identified by EEOC under separate cover.

16. OfficeMax agrees that all advertisements and/or postings for job vacancies as required by Paragraph 15 above must indicate that OfficeMax is an equal opportunity employer that employs persons regardless of race, religion, color, national origin, sex, disability, age (40 and over) veteran status, and other protected status as required by applicable law.

17. OfficeMax will document and maintain all records that pertain to the job advertisements required by Paragraph 15 above for the duration of this Decree.

18. Office Max shall furnish records pertaining to its job advertising efforts required in Paragraph 15 above to the Commission on a biannual basis as outlined below in Paragraph 38.

19. All persons interested in applying for a position with OfficeMax in the Bradenton/Sarasota area (3 stores) shall be permitted to do so by providing the prospective applicant with instructions regarding how to complete an electronic application.

## INTENSIVE TRAINING FOR STORE MANAGER FISH

20. OfficeMax shall ensure that Fish completes ten (10) hours of extensive anti-discrimination training every other year with a specific emphasis on unlawful harassment and retaliation as a result of complaints made regarding discriminatory conduct.

5

21. The trainings shall be conducted by an independent third party organization mutually agreed upon with the Commission prior to the submission this Decree to the Court for approval.

22. The first training session shall take place within sixty (60) calendar days of the Effective Date of this Decree.

23. Within ten (10) days of the completion of the training session, OfficeMax will notify the Commission in writing.

24. OfficeMax will provide the Commission with any and all pamphlets, brochures, outlines, or other written materials provided to Fish at the training sessions.

## TRAINING OF HUMAN RESOURCES PERSONNEL

25. Upon execution of this Decree, OfficeMax shall provide four (4) hours of annual training for the Human Resources staff members who were directly involved with the investigation of complaints from employees in stores located in Sarasota County, Florida, including Store No. 1435 (Jeff Bernard), with specific emphasis on the objective investigation of discrimination and retaliation complaints.

26. The training shall be conducted by an independent third party organization mutually agreed upon with the Commission prior to the submission this Decree to the Court for approval.

27. The training shall take place within sixty (60) calendar days of the Effective Date of this Decree.

28. OfficeMax agrees that the Commission, at its discretion, may attend the training session occurring as a result of this Consent Decree.  OfficeMax will provide the Commission

with at least two (2) weeks' notice of the time, date, location.  OfficeMax agrees to notify the Commission of any scheduling changes.

29. Within ten (10) days of the completion of the training session, OfficeMax will notify the Commission of the name and job title of each person who attended the training.

30. OfficeMax will provide the Commission with any and all pamphlets, brochures, outlines, or other written materials provided to the participants of the training sessions.

## TRAINING OF MANAGEMENT PERSONNEL

31. Upon execution of this Decree, OfficeMax shall provide four (4) hours of training on a bi-annual basis (8 hours a calendar year) for all of its retail management personnel located in the Bradenton / Sarasota Florida area (three locations), with specific emphasis on federal law prohibitions against retaliation.

32. The training shall be conducted by an independent third party organization mutually agreed upon with the Commission prior to the submission of this Decree to the Court for approval.

33. The initial training shall take place within sixty (60) calendar days of the Effective Date of this Decree.

34. OfficeMax agrees that the Commission may, at its discretion, attend any training session occurring as a result of this Consent Decree.  OfficeMax will provide the Commission with at least two (2) weeks' notice of the time, date, location and topics to be discussed before conducting each session pursuant to this Decree.  OfficeMax agrees to notify the Commission of any scheduling changes.

35. Within ten (10) days of the completion of each training session, OfficeMax will notify the Commission of the dates the training was conducted, the name and job title of each person who attended the training and the date attended (if on multiple days).

36. OfficeMax will provide the Commission with any and all pamphlets, brochures, outlines, or other written materials provided to the participants of the training sessions.

## NOTICE

37. Within ten (10) business days after the Effective Date of this Decree, OfficeMax will post copies of the Notice attached as Exhibit A to this Decree at all OfficeMax locations in the Sarasota/ Bradenton area. Notices will be at least eleven (11) inches by fourteen (14) and laminated. The Notices will be posted at each facility, in a conspicuous location easily accessible to and commonly frequented by OfficeMax's employees. These Notices will remain posted for the duration of this Decree. OfficeMax will take reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. OfficeMax will certify to the Commission in writing within ten (10) business days after the Effective Date of the Decree that the Notice has been properly posted.

## MONITORING AND REPORTING

38. OfficeMax will provide to the Commission the following written reports twice annually for a period of four (4) years following the Effective Date of this Decree. The first report will be due six (6) months after the Effective Date of the Decree and thereafter by June 30, and December 31 annually. Each report shall contain:

   a. A detailed description of OfficeMax's advertising efforts as required by Paragraph 15 above including a description of the publications and outlets in which job vacancies were advertised;

b. The names and contact information for all media outlets used as an advertising resource for the recruitment of Hispanic or African-American applicants;

c. The type of advertisement used (ie., internet, radio, newspaper, etc.) and its frequency of use;

d. A description of each discrimination and/or retaliation complaint made by any employee in the three (3) stores in the Sarasota/Bradenton Region, including the names, addresses and current telephone numbers of the complaining parties and any witnesses identified by the complaining party, and the resolution of such complaint;

e. A description of any and all action OfficeMax took in response to each complaint and any written statement obtained or provided by the person bringing the complaint and/or provided by any witnesses; and

f. A certification that the Notice required to be posted pursuant to paragraph 37 of this Decree remained posted during the entire six (6) month period preceding the report.

39. OfficeMax will make employees available to the Commission for interviews in connection with any information reported pursuant to paragraph 38 of this Decree, or for the purposes of determining and/or monitoring OfficeMax's compliance with this Decree.

40. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to: Robert E. Weisberg, Regional Attorney, Re: OfficeMax Consent Decree, United States Equal Employment Opportunity Commission, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida, 33131.

CASE NO. 8:12-CV-643-T-17MAP

41. Nothing contained in this Decree must be construed to limit any obligation OfficeMax may otherwise have to maintain records under Title VII or any other law, rule or regulation.

## DISPUTE RESOLUTION

42. In the event that the Commission believes that OfficeMax has failed to comply with any provision(s) of the Decree, the Commission will notify OfficeMax and OfficeMax must make a good faith attempt to cure any non-compliance within fourteen (14) calendar days of notification. The fourteen (14) days to cure provided under this paragraph shall not apply to the initial payment required by paragraph 10. The Commission shall have the right to seek Court intervention and to file an enforcement action to seek all relief available to the Commission including, but not limited to, extending the Decree for whatever period is necessary to obtain OfficeMax's compliance.

## COSTS

43. Each party to this Decree shall bear its own costs associated with this litigation.

SO ORDERED, ADJUDGED AND DECREED, this _____ day of December, 2012.

THE HONORABLE ELIZABETH KOVACHEVICH
UNITED STATES DISTRICT JUDGE
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____     Date: 12/12/12
    Robert E. Weisberg, Esq.

Regional Attorney for U.S. Equal Employment Opportunity Commission
Florida Bar No. 285676
Miami District Office
One Biscayne Tower, 2 South Biscayne Blvd., Suite 2700
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835
Email: robert.weisberg@eeoc.gov


AGREED TO:

FOR THE DEFENDANT, OFFICEMAX NORTH AMERICA, INC.:

KJH By: _____     Date: 12-10-12

_____
Margie Lynch
Print Name

_____
VP Human Resources
Title

As to form by: _____     Date: 12-12-12
    Robert Sniffen, Esq.

Attorney for OfficeMax North America, Inc.
Florida Bar No. 0000795
Sniffen & Spellman, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
Tel: (850) 205-1996
Fax: (850) 205-3004
Email: rsniffen@sniffenlaw.com

11

## EXHIBIT A

## NOTICE TO ALL OFFICEMAX EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in EEOC v. OfficeMax North America, Inc., Case No.: 8:12-CV-643-EAK-MAP (M.D.Fla.). In this case, the Plaintiff alleged OfficeMax retaliated against an employee when he complained to human resources about discriminatory treatment from his store manager based on his race/national origin (Hispanic/Puerto Rican). The employee further alleged that after complaining, the employee was subjected to a period of retaliatory treatment which culminated in his resignation. Following his complaint to the Equal Employment Opportunity Commission, a lawsuit was filed in federal court on his behalf and, as a result, the company is required to display this posting. OfficeMax denies the allegations.

Title VII protects individuals from employment discrimination because of their race/national origin. Additionally Title VII protects employees from discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. OfficeMax will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws. It is the policy of OfficeMax to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability or other protected characteristic. OfficeMax does not tolerate intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA); Genetic Information Nondiscrimination Act of 2008 (GINA);or the Equal Pay Act (EPA) of 1963, or the Americans with Disabilities Act (ADA), as amended.

OfficeMax assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated OfficeMax policy prohibiting discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for four (4) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice of compliance with its terms may be directed to: Robert E. Weisberg, OfficeMax Settlement, c/o EEOC, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida, 33131.

Date:

_____

President
OfficeMax North America, Inc.